# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HARBOR ISLAND DYNAMIC LLC,<br><br>        Plaintiff,<br><br>v.<br><br>NXP SEMICONDUCTORS N.V., NXP B.V., NXP SEMICONDUCTORS GUANGDONG LTD., NXP SEMICONDUCTORS (BEIJING) LTD., NXP SEMICONDUCTORS (TIANJIN) LTD., NXP SEMICONDUCTORS HONG KONG LTD., NXP SEMICONDUCTORS INDIA PVT. LTD., NXP SEMICONDUCTORS JAPAN LTD., NXP SEMICONDUCTORS KOREA LTD., NXP SEMICONDUCTORS MALAYSIA SDN. BHD., NXP SEMICONDUCTORS SINGAPORE PTE. LTD., NXP SEMICONDUCTORS (THAILAND) CO. LTD., and NXP SEMICONDUCTORS TAIWAN LTD.,<br><br>        Defendants. | Case No. 2:24-cv-00717-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action; and

(g) any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.**[1] A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a) if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

  (b)  for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.  **Additional Disclosures.** Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

  (a)  provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i.  If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until thirty (30) days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii.  If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than thirty (30) days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

---

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

    (b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

    (c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.**  The discovery in this case is limited to the disclosures described in the preceding Paragraphs. Any party may later move to modify these limitations for good cause.

    (a)    For purposes of this section (Section 5 – Discovery Limitations), a "side" means a party or a group of parties with a common interest. For purposes of this section, all named Defendants shall collectively be considered a single "side." In addition, for purposes of this section, Plaintiff Harbor Island Dynamic LLC, shall be considered a single "side."

    (b)    Interrogatories: Each side is limited to twenty-five (25) interrogatories.

    (c)    Requests for Admission: Each side is limited to forty (40) requests for admissions. In addition, each side will be permitted to serve a reasonable

       number of requests for admission that seek an admission as to (a) the authenticity of a particular document or thing, and (b) whether a document qualifies as a "printed publication" or other prior art as of a certain date under pre-AIA 35 U.S.C. § 102.

(d)     Depositions of Parties and Party-Affiliated Witnesses: Each side is limited to a total of fifty-fivety (55) total hours of deposition testimony (inclusive of both 30(b)(1) and 30(b)(6) depositions). Depositions of experts and third parties do not count against these limits. Absent a showing of good cause, each deposition will be limited to no more than seven (7) hours. Should a single witness be designated pursuant to Rule 30(b)(6) to address voluminous noticed deposition topics, the parties agree to work in good faith to determine an appropriate time limit for such witness, but such deposition may still not exceed seven (7) hours in one day, absent agreement of the parties. Witnesses residing outside of the United States shall be produced for deposition in the city where they reside or work for the witness's convenience or, as otherwise agreed upon by the parties, and subject to applicable laws and regulations of the country where the witness is located. Any party is authorized to take depositions by remote means (e.g., Zoom videoconference), but the other party may elect to proceed in person and any remote depositions will take place at the local business time of the witness.

(e)     Expert Depositions: Each side is limited to four (4) testifying expert witnesses. Each testifying expert may be deposed for no more than seven

    (7) hours per report on which the expert has offered an opinion. For example, an expert providing a report or reports regarding infringement and validity may be deposed for fourteen (14) hours. Experts, however, shall not be deposed for more than seven (7) hours in one day unless otherwise agreed to by the parties. For the avoidance of doubt, if any supplemental expert reports are permitted by the Court or otherwise agreed by the parties after serving the initial or rebuttal disclosures provided by the docket control order, the parties shall meet and confer in good faith over any additional deposition time. Each side may have up to a cumulative total of four (4) hours of deposition testimony for each expert who provides testimony pursuant to P.R. 4-3(b). The four (4) hours of deposition testimony for *Markman* is separate and apart from the deposition limits set forth above.

(f) Third-Party Discovery: The parties may conduct third-party discovery including depositions and document subpoenas. Each side may take up to forty-five (45) hours of third-party depositions.

(g) Any party may later move to modify these limitations for good cause. The parties further agree that (1) should the parties mutually agree to enlarge the limitations on discovery imposed by this order, the federal rules, or the local rules, they may do so without need for an order from the Court; and (2) the parties are permitted to extend deadlines for responding to discovery by mutual agreement without an order from the Court, so long as the extensions do not exceed the applicable discovery deadlines entered by the Court.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a

notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within fourteen (14) days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

    (b) An opposed discovery related motion, or any response thereto, shall not exceed seven (7) pages. Attachments to a discovery related motion, or a

8

response thereto, shall not exceed five (5) pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within seventy two (72) hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two (2) pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party

9

has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

    (a) Third Party Discovery. The parties agree that they will serve each other with copies of any subpoena or deposition notice directed to a third-party. A party receiving documents from a third-party will provide copies of those documents to each other party within five (5) business days of receiving those documents. Where reproduction of documents within five (5) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis. The parties agree to consult with each other before scheduling any third-party deposition and to provide notice at least three (3) business days ahead of the selected court reporting agency to allow for the coordination of remote depositions, including the logistics of soft copy exhibits

    (b) Limitation on Privilege Log. The parties agree that, unless good cause is shown, the parties shall not be required to log any privileged materials created on or after the date of the Original Complaint (August 30, 2024) in this action.

(c) Service. The parties agree to accept service by email to all counsel of record for the party to be served.

(d) Expert Drafts. Testifying experts shall not be subject to discovery on any draft of their report or declarations in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, **[and all materials generated by a testifying expert with respect to that person's work in this case**,**]** are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation.

(e) E-Discovery Order. Compliance with the Court's disclosure obligations and production requests under the Federal Rules of Civil Procedure 34 and 45 shall not include e-mail or other forms of electronic correspondence. Discovery and production of any ESI shall be governed by and shall be conducted in accordance with an E-Discovery Order. The parties will meet and confer in good faith regarding any modifications of the model E-Discovery Order and will submit any proposed order to govern the production of electronic mail. For avoidance of doubt, no Party need produce electronic mail, including as part of Additional Disclosures, until after the entry of an appropriate E-Discovery order by the Court.

(f) Inadvertent Production of Privileged Materials. Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this

or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.